# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **W&T OFFSHORE, INC.,** | § | **CIVIL ACTION NO.** |
| **Plaintiff,** | § | **4:22-cv-03668** |
| | § | |
| **vs.** | § | **JUDGE CHARLES ESKRIDGE** |
| | § | |
| **YUN YANG,** | § | |
| **Defendant.** | § | |

### MOTION TO QUASH AND
### MOTION FOR PROTECTIVE ORDER ON BEHALF OF AAIT RELATED
### SUBPOENAED PARTIES

Nonparty Ramesh Arumugam ("Arumugam"), individually and as representative of All About IT Inc. ("AAIT") and Secure Cloud, file this Motion to Quash or Modify Subpoenas or for Protective Order and Brief in Support pursuant to Federal Rules of Civil Procedure 26(c) and 45. Arumugam respectfully requests that the Court quash the Joint Notice of Intent to Take Expedited Third Party Oral and Videotaped Deposition of Ramesh Arumugam, Individually, and as the Representative of All About It, Inc. and Secure Cloud, LLC and Subpoena Duces Tecum ("Subpoena") jointly served by Plaintiff, W&T Offshore, Inc. ("W&T Offshore or "Plaintiff") and Defendant Yun Yung (collectively, the "Parties") on March 13, 2023.

# I.    <u>NATURE AND STAGE OF PROCEEDINGS</u>

The underlying matter (the "Lawsuit") is a dispute between Plaintiff, an offshore drilling company, and a former employee of W&T Offshore, Yun Yang. Neither Arumugam, AAIT, nor Secure Cloud are parties to the Lawsuit. <u>The sole issue in dispute in the lawsuit is whether Yun Yang stole proprietary information of W&T</u>. The Parties subpoenaed Arumugam on March 13, 2023, commanding that Arumugam appear for deposition and produce documents related to, among other things, Defendant Yun Yang. Defendant has never been an AAIT or Secure Cloud employee.

## II.  ISSUES PRESENTED

a. Whether the requests for financial information of the subpoenaed parties, all information relating to W&T, and information the Subpoenaed Parties were requested to destroy constitutes an undue burden under Federal Rule of Civil Procedure 45 in this case where the sole allegation is whether Defendant stole from the Plaintiff; and

b. Whether the parties in this lawsuit can prove that Ramesh Arumugam, the CEO of the subpoenaed parties, has unique knowledge that would require his testimony in this matter in light of applicable Fifth Circuit authorities and the lower level witnesses whose testimony the parties have not sought; alternatively whether limits should be placed on any deposition of the witness.

c. whether a 30(b)(6) can properly be issued choosing Arumugam as a witness without any topics outlined

### III. STANDARD OF REVIEW

a. Plaintiff cites the *Wiwa* case of the Fifth Circuit for the applicable standard:

> To determine whether the subpoena presents an undue burden, the court should consider the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party.

*Wiwa v. Royal Dutch Petroleum Comp.*, 392 F.3d 812, 818 (5th Cir. 2004);

b. The Court should grant the Motion to Quash if the parties seeking the subpoena cannot prove that lower level witnesses would not have equivalent information and that the witness selected has unique knowledge requiring his testimony, the Court may also limit the deposition in time, scope, or some other way. *Langley v. Int'l Bus. Machs. Corp.*, No. A-18-CV-443-LY, 2019 WL 4577115, at *4 (W.D. Tex. Sept. 20, 2019)

c. Federal Rule of Civil Procedure 30(b)(6) states that topics must be identified with "reasonable particularity" which the parties have failed to do in their subpoena. Furthermore, the corporation gets to choose the witness, not the parties noticing the deposition.

# IV. STATEMENT OF FACTS

1.  Pursuant to an Agreed Order of the Parties, on September 22, 2022, the Court appointed an Adjudicator, Judge Gregg Costa, to sit as an adjudicator on all continuing disputes between AAIT and Plaintiff.

2.  On November 16, 2022, the Adjudicator issued an Order governing the end of services between Plaintiff and AAIT as of December 1, 2022. Pursuant to Paragraph 6 of the Agreed Order, "Upon W&T's request, Defendants [AAIT/Secure Cloud] shall promptly return or delete (at W&T's discretion) all W&T data documents, and other materials received from Plaintiff, including any hardware, appliance, or storage device owned by AAIT."[1]

3.  On December 6, W&T requested that AAIT destroy all W&T data in its possession. W&T's counsel requested that:

> Defendants shall promptly delete all W&T Data, documents, and other materials in Defendants' possession or control, including from any hardware, appliance or storage device owned or controlled by Defendants. As discussed, today, please confirm when this is completed.

Ex. 3. W&T could have elected under the Order to preserve information, but instead requested that it be destroyed. No request to preserve any data specific to Yang was relayed to AAIT.

---

[1] A copy of the entire Order is not attached, because it is confidential. W&T and the subpoenaed parties agreed that disclosure of Paragraph 6 is allowed in this case.

4.  On December 12, 2022, Pursuant to the November 16, 2022 Order, Arumugam's counsel sent a letter to the Adjudicator with a "Certificate of Destruction," signed by Arumugam, which stated the following:

> The undersigned hereby certifies that he is authorized to provide, on behalf of AAIT, confirmation of and confirms that the destruction of the W&T's data required pursuant to the Agreed Order has been completed.

Ex. 4.

5.  To the extent it contends that any documents it needs in this case were not returned and they still exist, W&T has the ability to pursue those documents in the active matter before Judge Costa.

6.  The Parties are aware that Yun Yang was a W&T employee, not an employee of any company operated by Arumugam. Ex. 2, ¶ 3. Yun Yang was charged by W&T with being W&T's client representative with regard to help desk employees of AAIT. *Id*. With regard to AAIT, Yun Yang worked most closely with leads of the help desk at AAIT. Ex. 2, ¶ 5. The last two leads of the help desk, Avery Brown and Sid Davis, would have the most knowledge regarding the work Yun Yang performed from 2020 to 2022—not Arumugam. *Id*. Neither of those individuals currently works for AAIT. *Id*.

7.  Arumugam does not have personal knowledge of whether Yun Yang stole proprietary data from W&T. *Id*. No AAIT employee has reported to Arumugam that Yun Yang stole proprietary data from W&T. Ex. 2, ¶ 6.  In addition, Arumugam was ordered by W&T to destroy potentially relevant copies of pertinent information while this lawsuit was pending. Ex. 3. Accordingly, there is no reasonable basis for the Subpoena, and the

Subpoena violates the scope of permissible discovery under Rule 26(b) and counsel's obligation under Rule 26(g) to certify that the Parties' discovery request is consistent with the Federal Rules and not interposed for an improper purpose.

8. Despite requesting on multiple occasions via counsel the deposition transcript of Yun Yang to better understand the allegations being made and the reasons for the subpoena in the hopes of conferring, both of the parties counsel have chosen not to produce the entire deposition transcript.

## V.     THE SUBPOENA REQUESTS

### A. W&T's Sanctionable Attempted Financial Colonoscopy of the Subpoenaed Parties Without Reason.

Many of the requests that W&T[2] has sought appear to be a wish list. Request 20 is the equivalent of a financial colonoscopy.[3] This case is about whether Yun Yang stole W&T's data, and there is no allegation related to the finances of the subpoenaed parties. Nonetheless, W&T has effectively asked for every income tax return, financial transaction that AAIT has made in the last five years, bank statement, every piece of bank account information, every invoice that it sent to any client, and even retirement account contributions none of which is even marginally related to whether Yun Yang stole data.[4] Request 20, in full, requests:

---

[2] W&T's counsel has signed the subpoenas, not Yun Yang's counsel.
[3] The subpoenas received by the subpoenaed parties via W&T's counsel are attached as Exhibit 1 to the Motion.
[4] The fact that W&T is bold enough to make such a request should raise red flags to the Court about its intentions and the enmity it has towards its litigation adversary.

20. All documents that relate to, bear upon, or provide evidence of all sources or of payments (including, but not limited to credit card statements) and income derived by you, AAIT, Secure Cloud, or any other entity you received or dispersed money to from before July 17, 2017, until the present, including, but not limited to:

a. All federal and state income tax returns, and all supporting schedules, and Internal Revenue Service W-2 and 1099 tax forms for 2017 through the present;

b. Documents evidencing all payments from AAIT or Ramesh Arumugam.

c. Documents evidencing all payments from W&T to AAIT or Ramesh Arumugam.

d. All documents showing receipt of income from any employer, including but not limited to, payroll stubs or checks evidencing payment of money; and

e. All documents reflecting income derived from any self-employment or any business venture not reflected in prior documents.

f. Any and all records of all checking accounts and or savings accounts, including credit union accounts, certificates of deposit, 401(k) accounts and IRA's maintained by you, individually and/or jointly with any other or others, or any other accounts over which you have had signature authority in any other capacity (regardless of whether or not the account or accounts have been closed), including, but not limited to, monthly bank statements, checkbooks, cancel checks, check registers, deposit slips, check request, passbooks, statements regarding relating to savings accounts or certificates of savings deposit, and any other records from July 17th 2017 to the present.

Ex. 1.

### B. Three of W&T's Requests Mention Documents Related to Yun Yang or W&T Which Do Not Directly Relate to Whether Yun Yang Stole W&T's Data.

In considering the scope of these requests, the Court should bear in mind that W&T and the subpoenaed parties **had a nearly five-year relationship**. Documents such as invoices for expenses incurred working for W&T still exist in AAIT's records. Payroll records for employees that worked for W&T through AAIT still exist. As another example,

AAIT maintains records of an employee who died of natural causes while working offshore for W&T.

As written, Requests 11, 15, and 19 encompass those records, even though those records bear no relevance whatsoever to the litigation between W&T and Yun Yung. These requests are thus a highly abusive and harassing fishing expedition of an incredible amount of irrelevant data, with no bearing on the issue of whether Yun Yang stole from W&T.

Requests 11, 15, and 19, in full, are as follows:

11.    All documents, notes, diaries, journals, audio tapes, memoranda, videotapes, photographs, letters, correspondence, emails, text messages, electronic records, digital images, digital recordings, social media posts, or other documented information made by you or anyone else employed or sub-contracted by AAIT or secure cloud related to **W&T or Yang**.

15. All documents and tangible things that evidence or reflect any contact correspondence and or communication whether written, verbal, or on social media including, but not limited to, emails, text messages, direct messages, private messages, and or chat messages you have had with any person other than your attorneys continuing concerning **W&T or Yang**. To the extent Mr. Yang had communication(s) with your attorneys or was copied on communications with your attorneys, please produce consistent with this request.

19. All documents, including meeting agendas, talking points, emails etc., reflecting the substance of and participants to any communications with any third party, including vendors, customers, or clients, discussing **W&T and/or Yang**.

Ex. 1 (emphasis added).

**C. Other Requests Seek Information W&T Requested to Be Destroyed or Where AAIT Currently Has No Documents.**

With regard to each of the requests 14, 17, and 18, these requests are objectionable because they seek documents that AAIT no longer has in its possession after W&T requested that the information be destroyed.

With regard to request 16, AAIT has no forensic image of Yun Yang's computer and never owned any of the devices he regularly used. <u>During a meet and confer call inquiry was made of what devices Yang used that W&T claimed are in AAIT's possession. W&T indicated that it meant any electronic device he ever used as an IT employee.</u> Such an interpretation would be ludicrous and would implicate privacy concerns of AAIT clients as well as be extremely burdensome.

These requests, in full, are as follows:

16. Forensic images of any cell phone, laptop and other electronic devices (in the absence of an existing forensic image, request is made for the device itself for forensic imaging) used by Yang during his employment at W&T and before his departure from W&T.

W&T also broadly seeks all documents related to work performed by Yun Yang:

13. Any and all documents, data or other materials in your possession or control related to any work performed by Yang on AAIT's cloud or computer-based IT infrastructure. Electronically stored information should be produced in native format.

W&T's counsel has informed AAIT's counsel that it is seeking information related to a Google Hangouts/Chat account of Yun Yang which had both email and chat functionalities. The account was not continued on a paid subscription basis in 2022 and its data is not in AAIT's custody, possession, or control. Ex. 2, ¶ 8. Unfortunately, the Google Hangout/Chats are no longer accessible by AAIT. AAIT attempted to contact Google and Google indicated it had no record of the Yun Yang account. *Id.*

## III. DOCUMENT SUBPOENA LEGAL STANDARD

Pursuant to Rule 45(d)(3)(A), a court "must quash or modify a subpoena that …

requires disclosure of privileged or other protected matter, if no exception or waiver

applies…or subjects a person to undue burden." *Id.* (citation omitted). Even where some

portion of a subpoena does not require disclosure of privileged material or is unduly

burdensome, its scope is limited by Rule 26(b)(1) and "[d]iscovery outside of this scope is

not permitted." *MetroPCS*, 327 F.R.D. at 609-10.

Pursuant to Rule 26(c)(1), the Court may issue an order to protect a person from

person from annoyance, oppression, or undue burden or expenses, including the entry of

an order forbidding the discovery. The Court "may find that a subpoena presents an undue

burden when the subpoena is facially overbroad." Wiwa *v. Royal Dutch Petroleum Co.*,

392 F.3d 812, 818 (5th Cir. 2004) (footnote omitted). "Courts have found that

a subpoena for documents from a non-party is facially overbroad where

the subpoena's document requests seek all documents concerning the parties to [the

underlying] action, regardless of whether those documents relate to that action and

regardless of date; [t]he requests are not particularized; and [t]he period covered by the

requests is unlimited." *Fed'n of Musicians of the United States & Canada v. Skodam Films,*

*LLC*, 313 F.R.D. 39, 45 (N.D. Tex. 2015) (cleaned up).

## IV.   ARGUMENT AND AUTHORITIES

**A. The Court Should Quash the Subpoena Because it is Unduly Burdensome and Seeks Information Outside of Arumugam's Possession, Custody, or Control.**

Whether a subpoena subjects a witness to undue burden raises a question of the subpoena's reasonableness, which "requires a court to balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it." *Positive Black Talk Inc. v. Cash Money Records*, 394 F.3d 357, 377 (5th Cir. 2004) (*citing* 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2463 (2d ed. 1995). The balance of the subpoena's benefits and burdens "calls upon the court to consider whether the information is necessary." *Id.*

### 1. The information sought is not relevant.

"[R]elevance of the information requested" is the first factor in determining whether a subpoena is unduly burdensome. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). The Fifth Circuit has ruled that discovery should be allowed to provide access to information "necessary" to establish a claim, and not to permit a party to "go fishing." *Surles Ex Rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007); *see also Paul Kadair, Inc. v. Sony Corp. of America*, 694 F.2d 1017, 1029 (5th Cir. 1983) (intent of the Rules "is not to open the discovery net to allow a fishing expedition"). "[A] party may no more use third-party discovery to develop new claims or defenses that are not already identified in the pleadings than it may use discovery served on a party to find the claims themselves rather than to find support for properly pleaded claims. *Id.* (*citing Samsung Electronics Am., Inc. v. Chung*, 321 F.R.D. 250, 280 (N.D. Tex. 2017)).

Pursuant to the November 16, 2022 Agreed Order entered by the Adjudicator in this matter, AAIT destroyed all of Plaintiff's documents or other information in AAIT's

possession; Defendant has not been a W&T employee since August 8, 2022, well after the date AAIT complied with the Adjudicator's Order. Docket No. 1, 1. Accordingly, the Parties have no good faith basis to conclude that Arumugam has the vast majority of the information it is seeking, either individually or in his capacity as a representative of AAIT or Secure Cloud. At best, the Parties' attempt to make Arumugam appear for deposition and produce documents that were requested to be destroyed is a fishing expedition.

2. *Complying with the subpoena would unnecessarily result in undue burden.*

In analyzing whether a subpoena presents an undue burden, courts consider the following factors: "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). "Whether a burdensome subpoena is reasonable must be determined according to the facts of the case, such as the party's need for the documents [or information] and the nature and importance of the litigation." *Id.* (internal quotations omitted). In addition, "if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party." *Id.* When the subpoenaed person is a non-party, in considering whether to quash based on an undue burden, the court may consider the expense and inconvenience to the non-party. *MetroPCS*, 327 F.R.D. at 609; *Williams*, 178 F.R.D. at 109 ("The status of a witness as a nonparty entitles the witness to consideration regarding expense and inconvenience.").

### 3. In the Alternative, the Court Should Modify the Document Subpoena and/or Issue a Protective Order.

For good cause shown, the Court may also issue a protective order limiting the scope of discovery into certain matters or requiring that discovery occur in a specified way. Fed. R. Civ. P. 26(c). The 2015 amendments to Rule 26(b)(1) limit the scope of discovery to non-privileged, relevant matter proportional to the needs of the case in the context of several factors, including the importance of the discovery sought and whether the burden of the proposed discovery outweighs its likely benefit.

Although Arumugam contends it is appropriate to quash the Subpoena entirely, should the Court elect not to do so, at the least the Court should modify the Subpoena to strike the objectionable requests or issue a protective order with respect to the objectionable requests, as set forth below, and order that Arumugam is not required to appear for deposition.

### i. Courts routinely strike overbroad requests toward nonparties.

Courts routinely sustain overbreadth and undue burden objections to requests such as those in the Subpoena, particularly in the context of nonparty subpoenas. *See, e.g., Am. Fed'n of Musicians of the United States & Canada v. Skodam Films, LLC*, 313 F.R.D. 39, 53-54 (N.D. Tex. 2015) (sustaining facial overbreadth and undue burden objections to subpoena requests not reasonably tailored to the claims at issue in the case); *Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 390 (N.D. Tex. 2003) (granting protective order sustaining undue burden and overbreadth objections where subpoena sought "extremely broad categories of documents" concerning nonparty's business dealings); *Fed.*

*Trade Comm'n v. Liberty Supply Co.*, 4:15-CV-829, 2016 WL 4272706, at \*5 (E.D. Tex. Aug. 15, 2016) (quashing request for "all documents relevant to any witness in the FTC's investigation" as "overly broad fishing expedition," "not sufficiently tailored to the claims in the present case."); *Nguyen v. Versacom, LLC*, 3:13-CV-4689-D, 2015 WL 8316436, at \*6 (N.D. Tex. Dec. 9, 2015) (granting protective order and sustaining overbreadth objections to requests for all agreements among the parties without sufficient restrictions as to scope of time or subject matter); *Duoline Techs., LLC v. Polymer Instrumentation*, MO-12-MC-061, 2012 WL 12871906, at \*2, 4 (W.D. Tex. Nov. 26, 2012) (sustaining overbreadth and undue burden objections to request for "documents reflecting any business relationship" among certain nonparties).

ii. *Requests 8-10, are not objectionable.*

If the Court elects not to quash the Subpoena, Arumugam does not object to Requests 8-10, and 12 which seek the following categories of documents:

> 8. All records and materials reviewed, shared, provided, or discussed to prepare for the deposition.
> 9. The contents of any personnel or other file relating to Yun Yang.
> 10. All documents reflecting communications or correspondence (including any notes that may have been taken) with any witness, potential witness, government agency, or other person (except your counsel) wherein any details related to this lawsuit were mentioned (except for privileged communications).

Arumugam respectfully submits that if required to comply with Requests 8-10 because Arumugam has no personal knowledge related to the theft alleged in this Lawsuit, such should be via document production, and a deposition is unnecessary.

   iii. *Requests 11 & 13-20 should be stricken because they are overbroad or seek information which AAIT destroyed pursuant to the Agreed Order.*

As set forth above, pursuant to the Adjudicator's Agreed Order, AAIT destroyed all documents related to W&T's data pursuant to the Adjudicator's November 16, 2022 Order. Accordingly, the Court should strike requests 11 and 13-19, which are overbroad, irrelevant, and amount to nothing but a fishing expedition. Request No. 12 does not ask for documents related to Yun Yang, but asks for all documents potentially removed by AAIT and is thus overbroad.

Additionally, as set forth above, Request 20 is patently overbroad in seeking the entirety of AAIT's financial data with no relevance to the Lawsuit and thus facially violates the mandate to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Request 20 thus should be stricken.

**B. Arumugam Should Not Be Forced to Testify Under Apex Deposition Rules.**

As Chief Executive Officer of AAIT, a nonparty to this Lawsuit, Arumugam should not be compelled to testify without a showing that his testimony is necessary. The burden to prove that the apex deposition is justified is on the party seeking the deposition. *Buchholz v. Crestbrook Insurance Company*, No. 1:20-Cv-449-RP, 2021 WL 3571277 (W.D. Tex. Aug. 11, 2021) (finding a lack of proof of knowledge of any unique facts and granting Protective Order). The United States Court of Appeals for the Fifth Circuit has recognized the need for first utilizing less-intrusive means before taking such as, by way of deposing lesser-ranking employees. *See Salter v. Upjohn Co.,* 593 F.2d 649 (5th Cir. 1979). ["]A

district court has authority to prevent or alter apex depositions under the Federal Rules to avoid duplication, harassment, and burdensomeness." *Schmidt v. Goodyear Tire & Rubber Co.*, 2003 WL 27375845 (E.D. Tex. Jan. 13, 2003).

1. *The Parties Have Not Demonstrated the Unique Knowledge of the Witness.*

"One long-established factor considered by courts in determining whether an apex deposition should be taken is whether the individual has unique personal knowledge of the matter in the case." *Langley v. Int'l Bus. Machs. Corp.*, No. A-18-CV-443-LY, 2019 WL 4577115, at *4 (W.D. Tex. Sept. 20, 2019). For example, in *Buchholz*, the Court denied an apex deposition because the party seeking the deposition could not prove the executive had "unique personal knowledge" of any facts in the case. *Buchholz v. Crestbrook Insurance Company*, No. 1:20-Cv-449-RP, 2021 WL 3571277 (W.D. Tex. Aug. 11, 2021) Similarly, in *Gauthier*, the court quashed the depositions of the Union Pacific executives, holding that "Plaintiffs should first attempt to obtain the sought information through the less burdensome means of discovery described herein, including the Rule 30(b)(6) corporate deposition." *Gauthier v. Union Pac. R. Co.*, No. CIVA1:07CV12(TH/KFG), 2008 WL 2467016, at *4 (E.D. Tex. June 18, 2008). The Court also took a similar approach in *Wilco Marsh Buggies & Draglines*, quashing the deposition to allow for less intrusive discovery. *Wilco Marsh Buggies & Draglines, Inc. v. Weeks Marine, Inc.*, No. CV 20-3135, 2022 WL 742443, at *5 (E.D. La. Mar. 11, 2022).

2. *Other Employees Should be Deposed Before Ordering an Apex Depo of Arumugam.*

Arumugam is the Chief Executive Officer of AAIT. Yun Yang was the client representative of W&T Offshore who supervised AAIT's help desk in its performance of activities on behalf of W&T Offshore. AAIT did not have the ability to hire or fire Yun Yang. Arumugam thus has no personal knowledge regarding any theft by Yun Yang, which is the sole issue in this Lawsuit, nor was any theft reported to him by any AAIT employee.

On the contrary, Arumugam delegated leading the W&T help desk to lower ranking employees of his company while Yun Yang was employed by W&T. The last two employees of AAIT who worked in the help desk lead position were Sid Davis and Avery Brown, not Arumugam. They would have the greatest knowledge of Yun Yang's work from 2020 to 2022. To the extent that the intent of a deposition is to identify specific aspects of Yang's work and any suspicious activity that could validate W&T's theft allegations, these former employees would be in a much better position to testify than Arumugam.

3. *To The Extent the Court Does Not Quash the Deposition, It Should Allow a Limited Deposition on Written Questions, With Limited Time and Limit the Deposition Contents While Also Providing Reasonable Attorneys' Fees to the Subpoenaed Parties.*

It appears that the intent of the subpoena is to fish for financial and other data in AAIT's possession, possibly to harass or bring potential claims against the subpoenaed parties. Such is a patently improper use of a subpoena. Judge Ellison has limited a deposition of a subpoenaed party to matters "directly relevant to this lawsuit and Defendant's affirmative defenses…" *Reedy v. Citgo Petroleum Corp.*, No. H-10-2971, 2011 WL 13350687 at * 7 (S.D. Tex. Dec. 1, 2011). The Judge also admonished that any deposition questions "should not be used to explore potential claims against JPMorgan."

*Id*. Judge Ellison, in that case, ordered that the defendant must compensate for the reasonable attorneys' fees in the matter. *Id*. Other courts have limited topics of questioning in Apex depositions. *See Ross Neely Systems, Inc. v. Navistar Inc.*, No. 3:13-cv-1587-M-BN,2015 WL 12916401 at * 3 (N.D. Texas April 9, 2015) (limiting apex deposition to actions of the company arising out of a single letter); *Stephens v. Big Spring Herald, Inc.*, No. 1:19-CV-123-H, 2020 WL 11577890, at *3 (N.D. Tex. Aug. 19, 2020) (limiting deposition time of apex witness to two hours and restricting questioning)

### C.     The Subpoena does not Comply with Rule 30(b)(6).

Additionally, the Subpoena should be quashed because it does not specify the topics with respect to which the Parties seek to have Arumugam testify as a corporate representative. The Subpoena is addressed to Arumugam "individually, and as the representative of" AAIT and Secure Cloud.  Ex. 1. The Subpoena contains a list of definitions and a list of document requests, but it does not contain a list of deposition topics.

Rule 30(b)(6) applies to subpoenas directed toward an organization and provides, in relevant part:

> (6) Notice or Subpoena Directed to an Organization. In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity **and must describe with reasonable particularity the matters for examination**. The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify.

Fed. R. Civ. P. 30(b)(6) (emphasis added). In this case no topics are provided and the Parties in this matter cannot unilaterally designate the witness for the corporations.

### D.     The Court Should Award Arumugam and AAIT Attorney's Fees and Costs.

The Parties (and their counsel) violated their legal duty, with respect to the Subpoena subject of this motion by requesting a great deal of irrelevant data to Yun Yang. Pursuant to Rule 26(g)(3), when a party's certification violates the rules without substantial justification, the Court must impose an appropriate sanction on the signer, the party on whose behalf the signer was action, or both. The sanction may include reasonable expenses, including attorney's fees caused by the improper discovery attempt. *Id.*

## IV.     CONCLUSION

Arumugam respectfully requests that the Court quash the Subpoena to the extent it seeks information that is an undue burden, or information which AAIT has certified is no longer in its possession, custody, or control. The subpoenaed parties also request that Arumugam not be required to appear for deposition under the apex deposition doctrine and because the parties have violated the letter and spirit of Rule 30(b)(6). In the alternative, Arumugam requests that the Court issue a protective order with respect to the categories of objectionable documents and the deposition setting forth that the sole issue discovery may be sought on is whether Yun Yang stole and that discovery must be narrowly tailored to that purpose rather than harassing the subpoenaed parties. Given the absurdity of the requests, particularly the financial requests, sanctions should be warranted in this case. Depending on the Court's ruling, the Movant would like to reserve the right to seek reimbursement for costs and attorneys' fees related to the subpoena, but believes such a Motion at this time is premature.

Respectfully submitted,

/s/ *Hessam Parzivand*

**Hessam Parzivand**

Texas Bar No. 24071157

**THE PARZIVAND LAW FIRM, PLLC**

10701 Corporate Dr., Suite 185

Sugar Land, Texas 77477

T: [713] 533-8171 / F: [713] 533-8193

hp@parzfirm.com

*Attorney for Nonparties Ramesh Arumugam All*
*About It, Inc., and Secure Cloud*

## CERTIFICATE OF CONFERENCE

Pursuant to Court Procedure counsel have conferred regarding this motion and W&T Offshore is opposed to the relief sought.

/s/ *Hessam Parzivand*

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2023, a true and correct copy of the above-identified document was electronically served pursuant to the Federal Rules of Civil Procedure upon all counsel of record:

/s/ *Hessam Parzivand*

# CERTIFICATE OF WORD COUNT

Microsoft Word indicates that the document has 4,993 words as calculated in accordance with the Court's procedures allowing for exclusions.

_/s/ Hessam Parzivand_