# EXHIBIT 1

WT Yang Third Party Discovery

United States District Court
Southern District of Texas

**ENTERED**

March 13, 2023

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **W&T OFFSHORE, INC.** | § | |
| *Plaintiff,* | § | **CIVIL ACTION NO. 4:22-cv-3668** |
| | § | |
| **vs.** | § | |
| | § | |
| **YUN YANG** | § | **JUDGE CHARLES ESKRIDGE** |
| *Defendant.* | § | |

ORDER

Pending is the parties' joint letter advising of the results of the three-hour deposition of Defendant Yun Yang. Upon joint request it is ORDERED:

1. Expedited third-party discovery, including a deposition subpoena and subpoena *duces tecum*, of Ramesh Arumugam, individually, as well as the representative of All About IT, Inc. and Secure Cloud, LLC is appropriate and may commence immediately.

2. All About IT, Inc., Secure Cloud, LLC, and Ramesh Arumugam must (i) file any motions for protection, objections to the subpoena *duces tecum*, or objections to the time and place of the oral deposition, within seven days of service of the deposition subpoena and subpoena *duces tecum* and joint notice of oral deposition; and (ii) serve, on all parties, all responsive documents and electronically-stored information to which no objection has been made by the deadline(s) stated within the subpoena with *duces tecum*.

3. The parties must cooperate in good faith with All About IT, Inc., Secure Cloud, LLC, and Ramesh Arumugam to schedule the oral and videotaped deposition and all issues relating to document production.

4. Nothing herein prejudices the right of All About IT, Inc., Secure Cloud, LLC, and/or Ramesh Arumugam to be heard on any motions or objections to the deposition subpoena or subpoena *duces tecum*.

**EXHIBIT**

**1**

5.  All About IT, Inc., Secure Cloud, LLC, and Ramesh Arumugam must preserve all documents and electronically stored information pertaining to Mr. Yang and W&T Offshore.

6.  The parties must serve this order on All About IT, Inc., Secure Cloud, LLC, and Ramesh Arumugam along with the deposition subpoena, subpoena *duces tecum*, and joint notice of deposition. In this regard, judicial notice is taken that Hessam Parvizand is the attorney of record for AAIT/Secure Cloud/Ramesh Arumugam in a companion case currently pending under case 4:22-cv-03149 in the Southern District of Texas, Houston Division before the Hon. Drew Tipton. This order, the deposition subpoena, the subpoena *duces tecum*, and the joint notice of oral deposition must thus be served upon all of (i) AAIT's registered agent, Vynette Nguyen, 12429 Shady Downs Dr, Houston TX 77082; (ii) Secure Cloud LLC's registered agent, Loan Nguyen, 8323 Wilcrest Dr Apt 17002, the parties are also ordered to serve; and (iii) Hessam Parvizand.

SO ORDERED.

Signed on March 13, 2023, at Houston, Texas.


Hon. Charles Eskridge
United States District Judge

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| | |
|---|---|
| W&T OFFSHORE, INC. | ) |
| *Plaintiff* | ) |
| v. | )     Civil Action No.    4:22-cv-3668 |
| YUN YANG | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:    Mr. Ramesh Arumugam, individually, and as the representative of All About IT, Inc. and Secure Cloud, LLC

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: SEE ATTACHMENTS

| Place: | W&T Offshore, Inc.<br>5718 Westheimer Road, Suite 700<br>Houston, Texas 77057 | Date and Time:<br><br>03/31/2023 9:30 am |
|---|---|---|

The deposition will be recorded by this method:    stenographer and video

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: SEE ATTACHMENTS

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 3-13-23

| *CLERK OF COURT* | | |
|---|---|---|
| _____<br>*Signature of Clerk or Deputy Clerk* | OR | _____<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   W&T Offshore, Inc.
_____ , who issues or requests this subpoena, are:
MAURO RAMIREZ, 1980 Post Oak Blvd, Suite 100, Houston, Texas  77056, (713) 955-3480,  mauro@ramirezpllc.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  4:22-cv-3668

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____  on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas    [▼]

| | |
|---|---|
| W&T OFFSHORE, INC. | ) |
| _Plaintiff_ | ) |
| v. | )    Civil Action No.   4:22-cv-3668 |
| YUN YANG | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    Mr. Ramesh Arumugam, individually, and as the representative of All About IT, Inc. and Secure Cloud, LLC

_____
_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE ATTACHMENTS

| Place: W&T Offshore, Inc. | Date and Time: |
|---|---|
| 5718 Westheimer Road, Suite 700 Houston, Texas 77057 | 03/24/2023 9:30 am |

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 3-13-23

|  CLERK OF COURT | OR | |
|---|---|---|
| _____ | | _____ |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   W&T Offshore, Inc.
_____, who issues or requests this subpoena, are:

MAURO RAMIREZ, 1980 Post Oak Blvd, Suite 100, Houston, Texas  77056, (713) 955-3480,  mauro@ramirezpllc.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:22-cv-3668

### PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                    _____

                                                                    *Server's signature*

                                                         _____

                                                                    *Printed name and title*

                                                         _____

                                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **W&T OFFSHORE, INC.** | § | |
| *Plaintiff,* | § | **CIVIL ACTION NO. 4:22-cv-3668** |
| | § | |
| **vs.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **YUN YANG** | § | **JUDGE CHARLES ESKRIDGE** |
| *Defendant.* | § | |

**JOINT NOTICE OF INTENT TO TAKE EXPEDITED THIRD PARTY ORAL AND VIDEOTAPED DEPOSITION OF RAMESH ARUMUGAM, INDIVIDUALLY, AND AS THE REPRESENTATIVE OF ALL ABOUT IT, INC. AND SECURE CLOUD, LLC, AND SUBPOENA DUCES TECUM**

TO:   Mr. Ramesh Arumugam, by and through his attorney of record, Hessam Parzivand, The Parzivand Law Firm, PLLC, 10701 Corporate Drive, Suite 185, Stafford, Texas 77477.

PLEASE TAKE NOTICE that pursuant to the Rule 30 and other applicable Federal Rules of Civil Procedure, W&T Offshore, Inc. and Yun Yang, by and through their respective attorneys of record, will take the deposition of Ramesh Arumugam before a court reporter or some other officer authorized by law to administer oaths, beginning at 9:30 a.m. on Friday, March 31, 2023, at the office of at the offices of W&T Offshore, Inc., 5718 Westheimer Road, Suite 700, Houston, Texas 77057. The deposition shall be recorded by stenographic or non-stenographic means, including audio and video recording, and may be presented at trial or any other hearing in this matter. The deposition shall continue from day-to-day until completed, within the limits of the Federal Rules of Civil Procedure.

Mr. Arumugam shall provide the following things and make them available for inspection and copying at least seven (7) days in advance of the deposition: See Exhibit A.

Respectfully submitted,

**GEORGE J. HITTNER**
Texas State Bar No.: 24038959
S.D. Tex. No.: 431901
**THE HITTNER GROUP, PLLC**
Post Office Box 541189
Houston, Texas  77254
Telephone: (713) 505-1003
E-Mail: george.hittner@thehittnergroup.com

**MAURO RAMIREZ**
Texas State Bar No.: 24060460
S.D. Tex. No.: 877306
**RAMIREZ LAW, PLLC**
1980 Post Oak Boulevard, Suite 100
Houston, Texas  77056
Telephone: (713) 955-3480
E-Mail: mauro@ramirezpllc.com

*Attorneys for Plaintiff*

/s/ *Kevin Pennell*
**KEVIN PENNELL**
Texas State Bar No.: 24046607
S.D. Tex. No.: 583414
**PENNELL LAW FIRM, PLLC**
19 Briar Hollow Lane, Suite 110
Houston, Texas  77027
Telephone: (713) 965-7568
E-Mail: kevin@pennellfirm.com

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document, *Joint Notice of Intent to Take Expedited Third Party Oral and Videotaped Deposition of Ramesh Arumugam, Individually, and as the Representative of All About IT, Inc. and Secure Cloud, LLC and Subpoena Duces Tecum*, was sent via e-mail on March 13, 2023 to the following counsel of record:

Hessam Parzivand
The Parzivand Law Firm, PLLC
10701 Corporate Drive, Suite 185
Stafford, Texas 77477
hp@parzfirm.com

GEORGE J. HITTNER

EXHIBIT A
SUBPOENA DUCES TECUM

DEFINITIONS

1.    "You" and/or "Your" means Ramesh Arumugam, Individually, and as the Representative of All About IT, Inc. and/or Secure Cloud, LLC.

2.    "Plaintiff" or "W&T" refers to Plaintiff W&T Offshore, Inc. and its affiliates and subsidiaries.

3.    "Defendant" or "Yang" refers to Defendant, Yun Yang.

4.    "Document" means any writing, record, or other graphic matter of any type or description, including but not limited to, originals (or, if you lack the original, whatever type of copy you have) of any agreements, correspondence, letters, telegrams, office communications, memoranda, reports, records, expense vouchers, handwritten notes, notebooks, scrapbooks, diaries, photographs, photocopies, charts, recordings, descriptions of telephone conversations, voicemail, text messages, electronic mail, computer records, computer files, computer disks, and any other records, communications, or compilations whether in paper, electronic, or other form, which are in your possession, custody, or control, or in the custody and control of your representatives, agents, attorneys or accountants, wherever located, however produced or reproduced, including any identical or non-identical copy and whether a draft or final version.

5.    "Electronically stored information" or "ESI" includes but is not limited to the following: internet web pages; word-processing documents; spreadsheets; presentation documents; graphics; animations; images; email (including attachments which shall be kept with the email); instant messages; text messages; voice mail; audio, video, and audiovisual recordings; databases and database subsets; and other user or machine-created computer files or other digital information which is stored on computer networks, servers, computer systems, desktop computers, laptop computers, home computers, the Internet, and Intranet, archives, discs, CDs, diskettes, portable hard drives, tapes, cartridges, flash drives, and other external storage media, personal digital assistants, handheld wireless devices, mobile telephones, iPhones, iPads, tablets, Blackberries, smartphones, pagers, and voicemail systems.

6.    "Communication" or "correspondence" means every manner or means of disclosure, transfer, or exchange, and every disclosure, transfer, or

exchange of information, whether made or accomplished orally or by document, whether face-to-face, by telephone, mail, telex, facsimile, electronic mail, personal delivery, or otherwise. "Communication" includes but is not limited to electronic exchanges, text messages, voice messages, and posts and messages made through Internet social media sites, including but not limited to sites such as Facebook, Twitter, LinkedIn, YouTube, Foursquare, Tumblr, Reddit, Instagram, etc.

7.    The word "recording" as used herein, shall include all photographs, videotapes, audiotapes, mp3 or jpeg files, CDs or DVDs, whether made or taken by you or others, regardless of the device used to take or make the recording, including all hard copy transcriptions thereof, which are in your possession, custody or control or in the possession, custody or control of your agent, representative or attorneys.

The witness Ramesh Arumugam is requested to provide the following items to Counsel for Plaintiff and Defendant at least seven days prior to his deposition:

8.    All records and materials reviewed, shared, provided, or discussed to prepare for the deposition.

9.    The contents of any personnel or other file relating to Yun Yang.

10.    All documents reflecting communications or correspondence (including any notes that may have been taken) with any witness, potential witness, government agency, or other person (except your counsel) wherein any details related to this lawsuit were mentioned (except for privileged communications).

11.    All documents, notes, diaries, journals, audio tapes, memoranda, video tapes, photographs, letters, correspondence, e-mails, text messages, electronic records, digital images, digital recordings, social media posts, or other documented information made by you or anyone else employed or sub-contracted by AAIT or Secure Cloud related to W&T or Yang.

12.    Any and all documents, data or other materials provided to you by anyone and/or removed (whether or not removed by you, by someone at your direction, with your knowledge, or consent or otherwise) from W&T's offices, premises, computers or databases and relating to the subject matter of this action.

13.    Any and all documents, data or other materials in your possession or control related to any work performed by Yang on AAIT's cloud or

computer-based IT infrastructure. Electronically stored information should be produced in native format.

14. Log showing all times that Yang was logged into AAIT's platform from 2017 through the present.

15. All documents and tangible things that evidence or reflect any contact, correspondence, and/or communication – whether written, verbal, or on social media including, but not limited to, emails, text messages, direct messages, private messages, and/or chat messages – you have had with any person other than your attorneys concerning W&T or Yang. To the extent Mr. Yang had communication(s) with your attorneys or was copied on communications with your attorneys, please produce consistent with this request.

16. Forensic images of any cell phone, laptop and other electronic devices (in the absence of an existing forensic image, request is made for the device itself for forensic imaging) used by Yang during his employment at W&T and before his departure from W&T.

17. Handbooks, manuals, policies/procedures, directives, checklists, to do lists, training documents, guidelines, rules, regulations or other documents used to access W&T's computers, servers, databases, or confidential or proprietary information.

18. All documents, including written policies and protocols, handbooks, manuals, policies/procedures, directives, checklists, to do lists, training documents, guidelines, rules, regulations or other documents reflecting security measures undertaken by you to safeguard W&T's computers, servers, databases, confidential information or propriety information.

19. All documents, including meeting agendas, talking points, emails, etc., reflecting the substance of and participants to any communications with any third-party, including vendors, customers, or clients, discussing W&T and/or Yang.

20. All documents that relate to, bear upon, or provide evidence of all sources of payments (including, but not limited to credit card statements) and income derived by you, AAIT, Secure Cloud, or any other entity you received or disbursed money to/from July 17, 2017, until the present, including, but not limited to:

a. All federal and state income tax returns, and all supporting schedules, and Internal Revenue Service W-2 and 1099 tax forms for 2017 through the present;

b. Documents evidencing all payments from AAIT or Ramesh Arumugam to Yang.

c. Documents evidencing all payments from W&T to AAIT or Ramesh Arumugam.

d. All documents showing receipt of income from any employer, including, but not limited to, payroll stubs or checks evidencing payment of money; and

e. All documents reflecting income derived from any self-employment or any business venture not reflected in prior documents.

f. Any and all records of all checking and/or savings accounts, including credit union accounts, certificates of deposit, 401(k) accounts and IRA's maintained by you, individually and/or jointly with any other or others, or any other accounts over which you have had signature authority in any other capacity (regardless of whether or not the account or accounts have been closed), including, but not limited to, monthly bank statements, checkbooks, cancelled checks, check registers, deposit slips, check requests, passbooks, statements relating to savings accounts or certificates of savings deposit, and any other records from July 17, 2017 to the present.

g. All documents and tangible things that you intend to refer to, rely upon, or introduce at your deposition.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas    ▼

|  |  |  |
|---|---|---|
| W&T OFFSHORE, INC. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   4:22-cv-3668 |
| YUN YANG | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    All About IT, Inc. c/o Vynette Nguyen, 12429 Shady Downs Dr, Houston TX 77082

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE ATTACHMENTS

| Place: W&T Offshore, Inc.<br>5718 Westheimer Road, Suite 700<br>Houston, Texas 77057 | Date and Time:<br>03/24/2023 9:30 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  3-13-23

| CLERK OF COURT | | OR | |
|---|---|---|---|
| _____ | | | _____ |
| *Signature of Clerk or Deputy Clerk* | | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   W&T Offshore, Inc.
, who issues or requests this subpoena, are:

MAURO RAMIREZ, 1980 Post Oak Blvd, Suite 100, Houston, Texas  77056, (713) 955-3480,  mauro@ramirezpllc.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:22-cv-3668

<div align="center">

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

</div>

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                           _____
                                                                        *Server's signature*

                                                                 _____
                                                                        *Printed name and title*

                                                                 _____
                                                                        *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Texas  ▾

| | |
|---|---|
| W&T OFFSHORE, INC. | ) |
| _Plaintiff_ | ) |
| v. | )    Civil Action No.   4:22-cv-3668 |
| YUN YANG | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    Secure Cloud, LLC c/o Loan Nguyen, 8323 Wilcrest Dr. Apt. 17002, Houston,TX 77072

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE ATTACHMENTS

| Place: W&T Offshore, Inc.<br>5718 Westheimer Road, Suite 700<br>Houston, Texas 77057 | Date and Time:<br><br>03/24/2023 9:30 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

     The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   3-13-23

| CLERK OF COURT | OR | |
|---|---|---|
| _____<br>_Signature of Clerk or Deputy Clerk_ | | _____<br>_Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   W&T Offshore, Inc.
_____, who issues or requests this subpoena, are:

MAURO RAMIREZ, 1980 Post Oak Blvd, Suite 100, Houston, Texas  77056, (713) 955-3480,  mauro@ramirezpllc.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:22-cv-3668

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    ☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

    ☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT 2

Declaration of Ramesh Arumugam

## DECLARATION OF RAMESH ARUMUGAN

STATE OF TEXAS                    §
COUNTY OF HARRIS                  §

"My name is Ramesh Arumugam. I am over the age of eighteen (18) years and competent to make this Declaration."

1.    I am the President and Chief Executive Officer of All About It, Inc. ("AAIT") I have held this position since 2010.

2.    AAIT performed services to W&T Offshore ("W&T") pursuant to a services agreement between the parties. That agreement was terminated effective December 1, 2022.

3.    Yun Yang, the defendant in this litigation, never was an employee of AAIT or any other company owned or operated by or associated with me. Instead, Yang was charged with being W&T's client representative with regard to help desk employees of AAIT.

4.    Yang never was supervised by any employee of AAIT or Secure Cloud. AAIT did not have ability to hire, fire, or grade Yun Yang's performance.

5.    When working with AAIT, Yang worked most closely with leads of AAIT's help desk. The last two service leads of the help desk are Avery Brown and Sid Davis, who in combination worked with Yang in 2020, 2021, and 2022. Avery Brown worked with Yang in his final months of employment with W&T. Those individuals, if any, would have the most relevant information regarding the work Yang performed with AAIT and any suspicions that he was stealing W&T's proprietary data.

```
┌─────────────────┐
│    EXHIBIT      │
│       2        │
└─────────────────┘
```

**DECLARATION OF RAMESH ARUMUGAM**                                      **PAGE 1**

6.    I have no knowledge of whether Yang stole proprietary data from W&T. No AAIT employee has reported to me that Yang stole proprietary data from AAIT or they suspected him of doing so, and Yang never conveyed to me any information regarding his theft of W&T data.

7.    Consistent with the November 16, 2022 Order of the Adjudicator in this Lawsuit and W&T's counsel's specific request on December 6, 2022, AAIT destroyed copies in its possession of W&T's data. Via counsel, AAIT certified that it had destroyed all of W&T's data with the limited exception noted in the certificate of destruction. W&T requested and received a great deal of information from AAIT before requesting that AAIT destroy its proprietary data in its possession.

8.    Yun Yang's Google Hangouts/Chat/Email account was not continued on a paid subscription basis in 2022 and its data is not in AAIT's custody, possession, or control. An employee of AAIT attempted to contact Google and Google indicated it had no record of the account. Furthermore, AAIT's Google Hangouts/Chat retention settings would delete all chats companywide within 24 hours of the chat occurring.  Based on review of AAIT's settings and inquiry with Google, it seems highly unlikely any of Yun Yang's Google Hangouts/Chat transcripts remain in AAIT records. A review of several AAIT email accounts also did not show any emails received from yyang@aaitpro.com.


I declare, under penalty of perjury that the foregoing is true and correct.




_____
RAMESH ARUMUGAM

**DECLARATION OF RAMESH ARUMUGAM**                                **PAGE 2**



# Audit Trail

DigiSigner Document ID: c28e18f0-9399-4820-911a-da66e03bd9af

## Signer

Email: ramesha@aaitpro.com
IP Address: 2600:1700:12c4:6270:1806:8b2c:310e:3874

## Signature

| Event | User | Time | IP Address |
|---|---|---|---|
| Upload document | hp@parzfirm.com | 3/27/23 7:48:32 PM EDT | 2600:6c58:4300:7126:a8b9:976:273b:b10d |
| Open document | hp@parzfirm.com | 3/27/23 7:48:35 PM EDT | 2600:6c58:4300:7126:a8b9:976:273b:b10d |
| Close document | hp@parzfirm.com | 3/27/23 7:49:01 PM EDT | 2600:6c58:4300:7126:a8b9:976:273b:b10d |
| Send for signing | hp@parzfirm.com | 3/27/23 7:49:10 PM EDT | 2600:6c58:4300:7126:a8b9:976:273b:b10d |
| Open document | ramesha@aaitpro.com | 3/27/23 7:51:13 PM EDT | 2600:1700:12c4:6270:6831:3411:54c6:590 |
| Open document | ramesha@aaitpro.com | 3/27/23 7:52:55 PM EDT | 2600:1700:12c4:6270:1806:8b2c:310e:3874 |
| Sign document | ramesha@aaitpro.com | 3/27/23 7:53:16 PM EDT | 2600:1700:12c4:6270:1806:8b2c:310e:3874 |
| Close document | ramesha@aaitpro.com | 3/27/23 7:53:16 PM EDT | 2600:1700:12c4:6270:1806:8b2c:310e:3874 |

# EXHIBIT 3

Request for Destruction



Hessam Parzivand <hp@parzfirm.com>

---

## Re: Final List

Fuchs, Andrew J <Andrew.Fuchs@skadden.com>                    Tue, Dec 6, 2022 at 4:36 PM
To: Ethan Gibson <ethan@gibsonwunder.com>
Cc: "Costa, Gregg J." <GCosta@gibsondunn.com>, "hp@parzfirm.com" <hp@parzfirm.com>,
"george.hittner@thehittnergroup.com" <george.hittner@thehittnergroup.com>, Jonathan Curth <jcurth@wtoffshore.com>,
Alvin Haynes <ahaynes@wtoffshore.com>, "Molosky, Joe" <Joe.Molosky@skadden.com>, "Blain, Jordan M"
<Jordan.Blain@skadden.com>, "Bisaillon, Ryan P" <Ryan.Bisaillon@skadden.com>

Ethan:

Pursuant to Paragraph 6 of Judge Costa's November 16, 2022 Order, Defendants shall promptly delete all W&T data,
documents and other materials in Defendants' possession or control, including from any hardware, appliance or storage
device owned or controlled by Defendants. As discussed today, please confirm when this is completed.

Andrew

-----Original Message-----
From: Ethan Gibson <ethan@gibsonwunder.com>
Sent: Monday, December 5, 2022 5:54 PM
To: Fuchs, Andrew J (HOU) <Andrew.Fuchs@skadden.com>
Cc: Costa, Gregg J. <GCosta@gibsondunn.com>; hp@parzfirm.com; george.hittner@thehittnergroup.com; Jonathan
Curth <jcurth@wtoffshore.com>; Alvin Haynes <ahaynes@wtoffshore.com>; Molosky, Joe (CHI)
<Joe.Molosky@skadden.com>; Blain, Jordan M (CHI) <Jordan.Blain@skadden.com>; Bisaillon, Ryan P (NYC)
<Ryan.Bisaillon@skadden.com>
Subject: [Ext] Re: Final List

Thank you Andrew, do you have proof that the reimbursements were paid?  If so, please send that over as well.

Also, we show that W&T has failed to return the Jidoka servers in response to Judge Costa's order. Please advise when
W&T is planning to comply with that order.

Ethan

Sent from my iPhone

> On Dec 5, 2022, at 4:54 PM, Fuchs, Andrew J <Andrew.Fuchs@skadden.com> wrote:
>
> Judge Costa and Ethan:
>
> Attached is W&T's take on the Final List and open issues. Also, Ethan submitted certain receipts related to its purchase
of the thin clients immediately before last week's hearing. We searched our records for those invoices and discovered that
AAIT or Yun Yang submitted the same invoices to W&T for reimbursement. We have included copies of both sets of
documents so that you can see that they match.
>
> Andrew
>
> Andrew J. Fuchs
> Counsel
> Skadden, Arps, Slate, Meagher & Flom LLP
> 155 North Wacker Drive | Chicago | Illinois | 60606-1720
> T: +1.312.407.0971<tel:+13124070971> | F:
> +1.312.827.9326<tel:+13128279326>
> andrew.fuchs@skadden.com<mailto:andrew.fuchs@skadden.com>
>
>
> ------------------------------------------------------------------
> -------- This email (and any attachments thereto) is intended only for

EXHIBIT
3

[Quoted text hidden]

# EXHIBIT 4

AAIT Confirmation of Destruction of Data



December 12, 2022                                                    <u>CONFIDENTIAL</u>

**Judge Gregg Costa**
Gibson, Dunn & Crutcher LLP
811 Main Street Suite 3000, Houston, TX 77002-6117

     Re: Certificate of Destruction of Data

Dear Judge Gregg Costa,


Pursuant to the Parties agreement to end all the services as of Dec 1st which was so ordered by the Adjudicator on December 1st, 2022 (the "Agreed Order"), AAIT is confirming in writing that To the best of my knowledge, we have destroyed, deleted or are otherwise no longer in possession of any W&T data.  Any other data that was provided as part of AAIT services which is not accessible now will also be destroyed and deleted when our engineers get the equipment back in the next 90 days as per the Judge's order.

Sincerely,



Hessam Parzivand

   cc:    Ethan Gibson, Hessam Parzivand, Judge Gregg Costa(v*ia* email)


**Certification of Destruction**



The undersigned hereby certifies that he is authorized to provide, on behalf of AAIT, confirmation of and confirms  that the destruction of the W&T's data required pursuant to the Agreed Order has been completed.

Ramesh Arumugam

<div style="border:1px solid black; display:inline-block; padding:5px; text-align:center;">

**EXHIBIT**

**4**

</div>

10701 Corporate Dr. Suite 185, Sugar Land TX, 77477 (P) 713-533-8171