Case 4:22-cv-03668   Document 94   Filed on 01/09/25 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
January 09, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| W&T Offshore, Inc., § | |
| § | |
| *Plaintiff*, § | |
| § | Civil Action No. 4:22-cv-03668 |
| v. § | |
| § | |
| Yun Yang, § | |
| § | |
| *Defendant*. § | |

**ORDER ON DISCOVERY
AND EVIDENTIARY HEARING**

Two motions are pending. On November 22, 2024, Ramesh Arumugam and All About IT, Inc. ("AAIT," collectively with Arumugam, "Third Parties") submitted a five-page letter that constitutes a motion to compel discovery of information they maintain is pertinent to the amount of reasonable attorneys' fees that should be awarded to Plaintiff W&T Offshore, Inc. ("W&T), pursuant to the Court's January 12, 2024 order (the "Sanctions Order," Dkt. 64). *See* Dkt. 90. W&T disputes the procedure and substance of Third Parties' letter. *See* Dkt. 92.

Separately, W&T filed a motion requesting that this Court resolve the quantum of reasonable attorneys' fees by motion only and forgo an evidentiary hearing, asserting that the Sanctions Order has already resolved issues pertinent to computing those fees. Dkt. 91. Third Parties disagree with W&T's

characterization of the Sanctions Order, claiming that the Court had always contemplated holding an evidentiary hearing if the parties could not agree on the proper amount of fees.[1] *See* Dkt. 93.

Both motions hinge, in whole or part, on the scope of the Sanctions Order. First, W&T's request to forgo a hearing does not comport with the Sanctions Order. Rather, the Sanctions Order states that attorneys' fees would be resolved "*either* upon the agreement of the parties as to the fee amount"—which has not occurred—"*or* at the close of an evidentiary hearing ...." Dkt. 64 at 2 (emphasis added). This language is reinforced by the District Judge's comments at the close of the hearing, noting that if the parties cannot agree on the attorneys' fees, "we'll have an Evidentiary Hearing. I hate attorneys' fees hearings, but we'll have one if you can't agree."[2] Dkt. 65 at 36.

But the hearing will not supplant the need for written submissions, as Third Parties assume. Instead, the Court will require the parties to submit briefs on the attorneys' fees issues—like any other fee application. After reviewing those submissions, the Court will set strict parameters for the evidentiary hearing. This is warranted to ensure that the parties do not rehash or revisit issues that this Court has already addressed and resolved.

---

[1] Secure Cloud LLC also joined this response. Dkt. 93 at 1.

[2] For the record, the undersigned shares the District Judge's distaste for attorneys' fees hearings.

In addition, the Court rejects W&T's request to expedite the briefing schedule and curtail the permissible length of briefs. *See* Dkt. 91 at 6 (requesting 8-page limits for briefs, to be filed on truncated schedule). This is doubly so, given the magnitude of the attorneys' fees that W&T allegedly intends to request—$782,829.32. *See* Dkt. 90 at 4 (AAIT's letter). Instead, the schedule and requirements below will control.

The Sanctions Order also provides guidance pertinent to Third Parties' request to compel discovery.[3] Stated generally, AAIT was sanctioned for discovery abuses, starting with its failure to produce requested documents and, later, its production of documents with improper alterations. The Sanctions Order set the trigger date for attorneys' fees as "March 27, 2023, when AAIT's disruption of the discovery process began." Dkt. 64 at 2. That date corresponds with Third Parties' filing of a motion to quash W&T's subpoena for documents. *See* Dkt. 22 (filed March 27, 2023).

---

[3] W&T correctly notes that Third Parties' motion fails to include the required certificate of conference. *See* Dkt. 92 at 3. But because the District Judge's procedures do not contemplate pre-motion practice for discovery disputes, the undersigned's conflicting procedure requiring the submission of a joint, three-page pre-motion letter detailing the dispute does not control. *See* Judge Yvonne Y. Ho, Court Procedures, Cover Page ("For cases referred by a U.S. District Judge, the procedures specified by that District Judge supersede any conflicting requirements in these Procedures."). Nevertheless, the Court opts to resolve the merits of Third Parties' letter, in the interests of efficiency, given that the parties plainly disagree about Third Parties' discovery demand and have fully briefed the issues.

The Sanctions Order did not specify what portion of W&T's attorneys' fees incurred since March 27, 2023 bear a causal link to AAIT's discovery misconduct. On that question, Third Parties seek to compel W&T to produce its attorneys' billing records showing time spent re-reviewing documents that AAIT had previously and improperly produced in altered form. *See* Dkt. 90 at 5. This is because Third Parties maintain that W&T's fee award should be limited to those specific attorneys' fees having to re-review documents once they produced without alterations, *see id.*, a position that W&T hotly disputes, Dkt. 92 at 2-3.

Third Parties' position fails to account for the fact that W&T wasted attorney time identifying what documents were improperly altered and raising those issues with the Court. All that work preceded and led to the Sanctions Order and comprises at least a portion of the recoverable attorneys' fees caused by Third Parties' misconduct. W&T's "*additional* attorneys' fees incurred having to *re-review*" those documents once AAIT was compelled to produce them in unaltered form, Dkt. 90 at 5, provides an inadequate benchmark for evaluating the fees that W&T was forced to incur because AAIT failed to properly produce them in the first place. Agreeing with W&T, the Court concludes those attorney-hours post-dating the Sanctions Order do not inform and are irrelevant to W&T's entitlement to fees. Third Parties' request to compel that information is denied.

4

This conclusion does not suggest, in any way, that every attorney-hour that W&T's counsel billed between March 27, 2023 and the January 12, 2024 Sanctions Order is recoverable.  Logically, at least some portion of that work would have been necessary notwithstanding Third Parties' improper actions.  W&T therefore must carefully tailor its fee application and eliminate billable hours that lack a causal link to the misconduct.

## Conclusion

For the foregoing reasons, it is **ORDERED** that W&T's motion to compel discovery (Dkt. 90) is **DENIED**.

It is further **ORDERED** that W&T's motion to confirm the sanctions award by written submission only (Dkt. 91) is **DENIED**.  Instead, the Court will determine the appropriate scope for an evidentiary hearing at a status conference upon reviewing the parties' written submissions, which are subject to the following deadlines and requirements:

- **February 7, 2025:**  W&T's deadline for filing its fee application.  The application must include, at minimum: (a) charts summarizing the hours spent by each biller/attorney, broken down by relevant stage of the discovery process and grouped by general task(s); (b) an explanation of what billable hours W&T has excluded (i.e., number or percentage of hours at each stage) to account for work that would have been undertaken regardless of AAIT's discovery misconduct; and (c) copies of the pertinent billing records (including an Excel version delivered on a thumb drive, if available).

- **March 7, 2025:** AAIT's deadline for responding to the fee application.

- **March 21, 2025:** W&T's reply deadline.

For other briefing requirements, *see* Judge Keith P. Ellison, Court Procedures §§ 6, 7. The parties must also deliver to the undersigned's chambers two courtesy copies of each submission, including exhibits.

Signed on January 9, 2025, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge